## 12977.  TATOM v. THE STATE.

A conviction of the offense of selling or otherwise disposing of mortgaged
property with intent to defraud was not authorized by the evidence.
DECIDED DECEMBER 13, 1921.

Indictment for sale of mortgaged property; from Lincoln
superior court — Judge Shurley.  September 16, 1921.

*Homer Legg,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

BLOODWORTH, J.  The indictment in this case charged that
the accused, after having given a mortgage on a certain cow, " did
sell and dispose of said cow  .   .   with intent then and there
to defraud the said Mrs. Busby, mortgagee as aforesaid," and
on account of which she sustained a loss of $18.  The evidence
shows that the cow was sold by the sheriff at public outcry before
the court-house door in Lincoln county, but it does not show
under what authority the sheriff sold her.  The purchaser at
sheriff's sale testified, that the accused " did not sell her to
me.  He did not turn her over to Mr. Kelley (the sheriff) to sell.
He did not want the cow sold, as far as I know." J. W.
Kelley swore:  " I was sheriff of Lincoln county in 1919.  I
took possession of a certain ashy-colored milch cow belonging
to James Tatum, and sold her in December, 1919, before the
court-house in Lincoln county to L. H. Ward.  James Tatum
did not turn the cow over to me to sell.  He did not get me
to sell her for him.  He had nothing to do with the sale, and
was opposed to my taking the cow and selling her. "  The
foregoing evidence is not sufficient to support a verdict of
guilty.  This case comes clearly within the ruling in *Lord* v.
*State,* 114 *Ga.* 30 (39 S. E. 948), where it was held:  " The charge
being that the accused, in violation of section 671 of the Penal
Code [Penal Code of 1910, § 720], ' did sell or otherwise
dispose of ' specified mortgaged property, and there being no
evidence to show that he did either, the verdict of guilty was
unwarranted and ought to have been set aside. "  As a new trial
must result from the above ruling, it is unnecessary to consider the
other allegations of error.

*Judgment reversed.  Broyles, C. J., and Luke, J., concur.*